No. 21428.

DARRELL PERKINS *v*. THE PEOPLE OF THE
STATE OF COLORADO.
(413 P.2d 455)

Decided April 25, 1966.

1

FRICKEY & MORRISSEY, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JAMES W. CREAMER, JR., Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

DARRELL PERKINS was named defendant in an information filed in the district court of Jefferson county in which it was charged that he obtained $840 from one Ray H. Carlsen by making false representations with relation to the installation of a furnace in a residence owned by Carlsen. The particular false representations attributed to the defendant, as stated in the information, were:

"* * * that the furnace installation being made at 1395 Kipling Street, Lakewood, Colorado, by said Darrell Perkins, doing business as All Trades & Service, Inc., under contract with said Ray H. Carlsen was nearing completion; that all materials and labor for said installation had been paid for in full by said Darrell Perkins * * *."

The defendant entered a plea of not guilty to the charge. Upon trial to a jury he was convicted and judgment was entered on the verdict after motion for a new trial was denied. He is here on writ of error and urges reversal of the judgment on the ground, *inter alia,* that the evidence is insufficient to sustain the verdict.

Upon oral argument the Attorney General readily admitted that there was nothing in the record tending to prove that the defendant had represented to Carlsen "that the furnace installation being made at 1395 Kip-

ling Street, Lakewood, Colorado, * * * under contract with said Ray H. Carlsen was nearing completion." However, the Attorney General argued that there was sufficient evidence to require a jury determination on the question of whether the defendant had falsely represented to the witness Carlsen, "that all materials and labor for said installation had been paid for in full by said Darrell Perkins."

We have read the record with circumspection and find no competent evidence therein that the false representations alleged in the complaint were made by the defendant and relied on by Carlsen in making full payment under the terms of the contract which he had theretofore made with the All Trades and Service, Inc., a corporation, for installation of the furnace. The testimony of Carlsen in this connection is as follows:

"Q. Did he make any statement concerning ownership of the furnace?

"A. Later on after we consummated the deal.

"Q. What was that statement?

"A. We finally agreed to have that demonstrator stove put in for $840. Before we signed it, I asked him if they owned it. He said, 'Yes.' * * *"

The only evidence tending to prove that a statement was made by the defendant to the effect that the furnace in question "had been paid for in full" related to a meeting between the defendant and Carlsen at the home of the latter about a week after the defendant had received payment in full for the job. A searching analysis of the record discloses a lack of clear and convincing evidence that a false representation of a material fact, as alleged in the information, was made by the defendant.

The judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE PRINGLE and MR. JUSTICE SCHAUER concur.